1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 19CR4313-H |
| Plaintiff, ) | |
| ) | ORDER DENYING DEFENDANT'S |
| v. ) | MOTION FOR BAIL OR |
| ) | TEMPORARY RELEASE AND |
| DANIEL HERNANDEZ (2), ) | AFFIRMING THE MAGISTRATE |
| ) | JUDGE'S DETENTION ORDER |
| Defendant. ) | |
| ) | (Doc. No. 43.) |

Pending before the Court is Defendant Daniel Hernandez's ("Defendant") motion for this Court to review the Magistrate Judge's detention order (Doc. No. 43) filed on April 20, 2020. The Government filed its opposition to the Defendant's motion on April 27, 2020. (Doc. No. 45.) The Court has also reviewed the Pretrial Services Officer's Report recommending detention in this case. On January 9, 2020, the Defendant tendered a guilty plea before the Magistrate Judge to a charge of importation of methamphetamine in violation of Title 21 U.S.C. §§ 952 and 960, as charged in Count 2 of the Superseding Information. (Doc. No. 28.) The charge carries a five-year (60 months) minimum mandatory sentence. (Doc. No. 38.) The sentencing hearing in this case is currently set for sentencing on July 27, 2020. (Doc. No. 42.) The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is

required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's detention order. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Under Koenig, a district judge is to make his or her own *de novo* determination of the facts without deference to the magistrate judge's ultimate conclusion. However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act ("BRA"), Title 18 U.S.C. § 3142(g), requires the Court to consider certain factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); See also United States v. Diaz-Hernandez, 943 F.3d 1196, 1199

(9th Cir. 2019). (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

Since this Court has accepted the Defendant's guilty plea, the "provisions of 18 U.S.C. § 3143 govern release pending sentencing… [and] [t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46. Accordingly, under § 3143 and Fed. R. Crim. P. 46, the Defendant must prove by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community. Furthermore, a defendant subject to the provisions of § 3143 "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate" under Title 18 U.S.C. § 3145(c). Under § 3145(c), the Court is required to consider a "wide range of factors" as articulated in United States v. Garcia, 340 F.3d 1013, 1019 (9th Cir. 2003) and "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors[,]" the Court should release a defendant for "exceptional reasons."

Title 18 U.S.C. § 3142(i) governs the temporary release of a defendant under the BRA. § 3142(i) provides in pertinent part that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Courts have held that in analyzing what constitutes a "compelling reason," a judicial officer "must make a particularized finding of necessity" and as such a "case-by-case approach" is required in making an assessment under § 3142(i). United States v. Stephenson, 2020 WL 1811353 at *3 (W.D. Ky. Apr. 8, 2020) (Simpson, J.); see also United States v. McKnight, 2020 WL 1872412 at

*3 (W.D. Wash. Apr. 15, 2020) (Zilly, J.)

Three circumstances in this case have changed since the original detention order was issued by the Magistrate Judge. The first change in circumstances is the Defendant's guilty plea, which places the burden on the Defendant to prove by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. This significantly weighs against setting bail as the BRA contemplates that a Defendant who has been found guilty is be detained unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the community. As the Government points out, the Defendant is facing a significant term of imprisonment with a Government recommendation of 70 months of custody. (Doc. No. 45 at 3). Due to the Defendant's extensive criminal history, the Defendant is not safety valve eligible and is facing a minimum of 60 months of custody. Id. Given the seriousness of the offense and the mandatory minimum sentence in this case, the Court concludes that the Defendant has not proved by clear and convincing evidence that he is not a flight risk warranting bail in this case.

The second change in circumstances is the superseding charge lowering the minimum mandatory custodial sentence from ten years to five years. Although this factor slightly weighs in favor of the Defendant, the Defendant does not qualify for the safety valve. Accordingly, the minimum mandatory sentence of 60 months associated with the instant offense does not overcome the flight risk by the clear and convincing evidence.

The third change in circumstances is the current COVID-19 ("virus") pandemic. The Defendant argues that the virus outbreak warrants setting bail in this case as the Defendant tested positive for the virus. However, "as concerning as the COVID-19 pandemic is, resolving an appeal [or review] of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act[.]" United States v. Martin, 2020 WL 1274854, at *3 (D. Md. Mar. 17, 2020)

(Grimm, J.); <u>Diaz-Hernandez</u> at 1199 ("[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)."); <u>See also</u> <u>United States v. Lee</u>, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020) (Jackson, J.) ("[T]he generalized risks posed by the COVID-19 pandemic do not alter the individualized balance of the statutory factors that Congress prescribed for determining the propriety of the defendant's detention in this particular case[.]").

Although the Defendant's positive test for the virus is of course concerning to the Court, the Government reports that "[o]n April 23, 2020, the United States Marshal's Service reported that Defendant was in stable condition and no longer displaying COVID-19 symptoms." (Doc. No. 45 at 4.) Additionally, the Government indicated that "[m]edical staff reports that Defendant denied any complaints, had a normal temperature of 97.8, had been medically cleared for a regular housing unit, and was being housed with other inmates who had a similar status." (<u>Id</u>.) Under these circumstances and because the Court is required to make an individualized determination, the Court, weighing the "wide range of factors" articulated in <u>Garcia</u>, concludes that there are no exceptional reasons to release the Defendant under § 3145(c). Additionally, under these circumstances, the Court finds that there are no compelling reasons to temporarily release the Defendant under § 3142(i). <u>See</u> <u>Stephenson</u> at *3.

After <i>de novo</i> review of the entire record before the Court and weighing the appropriate factors in determining bail, the Court concludes that the Magistrate Judge's detention order is fully supported by all the facts and circumstances of this case. The Court cannot find by clear and convincing evidence that the Defendant is not likely to flee, cannot find exceptional reasons to release the Defendant under § 3145(c), and cannot find compelling reasons to temporarily release the Defendant under § 3142(i). Accordingly, the Court DENIES the Defendant's motion to set bail in this case and AFFIRMS the Magistrate Judge's detention order. Should the Defendant's health condition change, the Defendant may request that the Court

conduct another bail review. See United States v. Lopez, No. 2:16-cr-00265-GMN-CWH-2, 2019 WL 2393609, at *1 (D. Nev. June 5, 2019) (Navarro, C.J.) ("The party requesting modification must establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness.") (internal citations and quotations omitted).

IT IS SO ORDERED.

DATED: <u>May 1, 2020</u>

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE